De Bary Baya Merchants' Line *v.* Jacksonville, T. & K. W. Ry. Co.[1]

*(Circuit Court, N. D. Florida. April 13, 1889.)*

1. CARRIERS—DISCRIMINATION IN CHARGES—INJUNCTION—PLEADING.
     A bill seeking injunction against extortionate charges must allege that complainant has no other means of carrying on his business than those wherein he is so overcharged.
2. SAME.
     A bill alleging discrimination in charges must aver that there are some parties who are charged less than complainant.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

**3.** WHARVES—WHARFAGE—COMPENSATION.
    A reasonable compensation can be charged by the owner of a public or private wharf for its use by other parties.

**4.** SAME—EXTORTIONATE CHARGES.
    Extortionate wharfage charges can be prevented only by the state.

In Equity.   Bill for injunction.

The bill alleges, in substance, that the complainant owns and operates a line of steamers for the transportation of passengers and freight on the St. John's river, between Jacksonville and Palatka and intervening points on said river; that there is also another line of steamers on said river, engaged in a like business, called "The People's Line;" that the defendant railway company owns and operates a railroad with branches and connecting lines between the same points, and that in connection with its business it owns and maintains, and is the proprietor of, wharves at Palatka and other points between Jacksonville and Palatka, named in the bill; that the defendant charges the complainant wharfage on all freight delivered by complainant on said wharves for transshipment over defendant's and connecting lines to points further south and west; that such wharfage charge is an illegal and unjust discrimination against complainant, and tends to create a monopoly for the transportation of freight in the defendant to the detriment of commerce and the great damage of complainant; that it is extortionate, etc.   It is prayed that defendant be enjoined from charging said wharfage, etc.

*H. Bisbee,* for complainant.

TOULMIN, J., (*orally.*)   **1.** There is no allegation in the bill that complainant has no other means of carrying on its business and delivering its freight at Palatka and other points named in the bill for transshipment over defendant's railroad than over the alleged wharves of the defendant.

**2.** There is no allegation in the bill that there are any other shippers of freight from said wharves over the defendant's railroad except "The People's Line" of steamers, and the bill shows that "The People's Line" is charged wharfage.   The bill does allege that said defendant railway company does not charge or collect the said so-called "wharfage" from any other shippers except "The People's Line" of steamers, but, as I have said, fails to allege that there are any other shippers.   It is implied in the bill, but is not distinctly averred, as it should be if it be a fact.   There is a general averment of discrimination, but no statement of fact which shows any such discrimination.   But it may be said that these are but technical objections, and that the bill could be amended to meet them.   It would be as well, therefore, for me to express my views on the merits of the proposition contended for by the complainant, and to state why I would be constrained to deny the injunction prayed for, even if the bill was amended.

**3.** Conceding that the defendant charged wharfage to the complainant as complained of, the question is, is it illegal or unauthorized by law?   "There is no principle that interposes any hindrance to the re-

covery from any vessel landing at a wharf owned by an individual or by a municipal or other corporation a just compensation for the use of such property. It is a doctrine too well settled, and a practice too common and too essential to the interests of commerce and navigation to admit of a doubt, that for the use of such structures, erected by individual enterprise, and recognized everywhere as property, a reasonable compensation can be exacted." *Packet Co.* v. *Keokuk*, 95 U. S. 80, 85; *Cannon* v. *New Orleans*, 20 Wall. 577; *Packet Co.* v. *Aiken*, 16 Fed. Rep. 895. The statutes of Florida authorize railroad companies to build and maintain wharves as incidental to their business, and for the use and convenience of passengers and freight transported over their roads. If the defendant has built and maintained a wharf at Palatka or any other point on the St. John's river, and such wharf is either a private or public wharf, has the complainant a right to use it without the payment of a reasonable compensation therefor, without the consent of the defendant? I think not. At least I am not so convinced that the charge of wharfage by the defendant is such as to authorize me to grant the extraordinary process of injunction as prayed for by the complainant. This is my view of the case on the allegations of the bill, and when they are considered in connection with the affidavit filed on behalf of the defendant, which states that the defendant does not collect such wharfage anywhere except at Palatka, and not there for its own use and benefit, but as agent for the owner of the wharf who resides in New York, it seems clear to me that I should not grant the injunction. Now, if the wharfage charged is extortionate it is for the state so to regulate it, as to prevent extortion. *Packet Co.* v. *Aiken, supra.* The application for an injunction is denied.